**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

PLASTERERS' AND CEMENT MASONS' LOCAL 40 PENSION FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 ANNUITY FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 HEALTH AND WELFARE FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 APPRENTICESHIP FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 INDUSTRY ADVANCEMENT FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds,
*Plaintiffs*,

v.

CBC LIBERTY ENTERPRISES, LLC,
*Defendant*.

CA 07 250S

C.A. No.

**COMPLAINT**

Introduction

1. This is an action to compel payments of contributions, interest, and penalties to multi-employer pension and benefit plans, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq. and to compel payment of dues to a labor union under a collective bargaining agreement, pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as well as state law.

Parties and Jurisdiction

2. Plaintiff Plasterers' and Cement Masons' Local 40 Pension Fund ("Pension Fund") is multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§ 1002(2) and (37).

3. Plaintiff Plasterers' and Cement Masons' Local 40 Annuity Fund ("Annuity Fund") is a multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§ 1002(2) and (37).

4. Plaintiff Plasterers' and Cement Masons' Local 40 Health and Welfare Fund ("Welfare Fund") is multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).

5. Plaintiff Plasterers' and Cement Masons' Local 40 Apprenticeship Fund ("Apprenticeship Fund") is multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).

6. Plaintiff Plasterers' and Cement Masons' Local 40 Industry Advancement Fund ("Industry Advancement Fund") is multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).[1]

7. Plaintiff Trustees ("Trustees") are trustees and fiduciaries of the aforementioned Funds.

8. Plaintiff Plasterers' and Cement Masons' Local 40 ("Local 40" or "the Union") is a labor union within the meaning of ERISA, 29 U.S.C. § 1002(4) and within the meaning of the LMRA, 29 U.S.C. § 152(5).

9. Plaintiff Donald Lavin is Co-Administrator of the Funds. The Funds' office is located in Cranston, Rhode Island.

10. Defendant CBC Liberty Enterprises, LLC ("Liberty") is a corporation organized under the laws of State of Massachusetts, having its principal place of business in Medfield, Massachusetts. Defendant has the requisite minimum contacts with the State of Rhode Island.

---

[1] The Pension Fund, Annuity Fund, Industry Advancement Fund, Health and Welfare Fund and Apprenticeship Fund are collectively referred to as "the Funds."

11. Jurisdiction is rested upon ERISA, 29 U.S.C. §1132(e) and the LMRA, 29 U.S.C. §185(c). Plaintiff Local 40 also invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over its state law claim.

## Facts

12. The Funds were established to provide various types of benefits, including retirement, medical, and employment training, Local 40 members. The Funds are administered by Boards of Trustees consisting of management and union trustees.

13. Benefits as aforesaid are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between Local 40 and each employer.

14. The rights and obligations of the Plaintiff Funds and Defendant are set forth in the Agreement and Declaration of Trust ("Trust Agreement").

15. The Trust Agreement provides, in relevant part, that Defendant shall submit timely payroll reports of contributions, promptly pay contributions, and pay penalties and interest when in default.

16. The collective bargaining agreement, as aforementioned, also requires Defendant to deduct dues from members' paychecks and remit that amount to Local 40.

17. Defendant Liberty is party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreement as aforesaid.

18. Notwithstanding the aforesaid obligations, Defendant has:

(a) Failed to report all hours worked by Ernest Isom to the Funds for the period of January 2006 through the present;

(b) Failed to make the appropriate contributions to the Funds on behalf of Ernest Isom for the period of January 2006 through the present;

(c) Failed to remit dues to Local 40 on behalf of Ernest Isom for the period of January 2006 through the present; and

(d) Otherwise failed to comply with the terms and conditions of the Trust Agreements.

**FIRST CAUSE OF ACTION**

**(Violation of ERISA, 29 U.S.C. § 1132(a)(3) & §1145)**

19. Plaintiffs hereby incorporate Paragraphs 1 through 18 as though fully set forth herein.

20. Defendant has failed to make contributions to the Plaintiff Funds for the period of January 2006 through the present, and otherwise failed to comply with the terms and conditions of the collective bargaining agreement and the respective Trust Agreements covering each Fund.

21. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

22. As a result of Defendant's unlawful actions, Plaintiffs have suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Violation of the Labor Management Relations Act, 29 U.S.C. § 185)**

23. Plaintiffs hereby incorporate Paragraphs 1 though 22 as though set forth herein.

24. Defendant has failed to remit to Local 40 the dues that were deducted from members' paychecks during the period January 2006 to the present, in violation of the terms of the collective bargaining agreement.

25. By the aforesaid acts and omissions, Defendant has violated the LMRA, 29 U.S.C. § 185.

26. As a result of Defendant's unlawful actions, Plaintiffs have suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Violation of R.I.G.L. § 28-14-7 )

27. Plaintiffs hereby incorporate Paragraphs 1 though 26 as though set forth herein.

28. Defendant has failed to remit to Local 40 the dues that were deducted from members' paychecks during the period January 2006 to the present, in violation of the terms of the collective bargaining agreement.

29. By the aforesaid acts and omissions, Defendant has violated the Rhode Island Payment of Wages statute, R.I.G.L. §§ 28-14-3 & 28-14-3.1.

30. As a result of Defendant's unlawful actions, Plaintiffs have suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

## PRAYER FOR RELIEF

Plaintiffs pray that this Honorable Court grant the following relief:

(a) Award Plaintiff Funds the unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

(b) Order Defendant to remit members' dues to Local 40, and award Local 40 interest, penalties, attorneys' fees and costs, pursuant to R.I.G.L. § 28-14-3.1; and

(c) Order such other relief as the Court deems just and proper.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852
*Telephone*: (401) 294-4700
*Facsimile*: (401) 294-4702

Dated: June 28, 2007